UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERON LOVE,

        Plaintiff,

v.                                                            Case No. 07-C-816

DAVID GARDISON, MELETHA KORDUS,
SGT DULAN, and Deputy SAMFLIPPO,

        Defendants.

**ORDER**

       Plaintiff Deron Love, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Milwaukee County Jail in Milwaukee, Wisconsin.

       Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Although Love has not yet paid this initial partial filing fee, the court received a letter from him on October 2, 2007, indicating that this failure to pay is due to circumstances beyond his control. The court will, therefore, proceed to screen his complaint. The plaintiff is advised, however, that the initial partial filing fee remains due, and the full $350 will ultimately be assessed out of his prison trust account.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, U.S. , 127 S. Ct. 1955, 1966

2

(2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Love has named as defendants in this case four members of the Milwaukee County Sheriff's Department who work at the Milwaukee County House of Correction: Sergeants David Gardison and Dulan, and Deputies Meletha Kordus and Samflippo. All of the named defendants have been sued in their individual and official capacities.[2]

According to Love, his plight began while he was a pretrial detainee at the Milwaukee County House of Correction on May 15, 2007, when Gardison slammed Love's face to the floor while Love was handcuffed, for the purpose of inflicting pain. (Compl. 3.) Love claims this did cause him pain and caused his teeth to loosen. Love claims his mistreatment continued when he

---

[2] To the extent Love has attempted to assert damage claims against the defendants in their official capacities, his suit is, in effect, an action against the state and is be barred by the Eleventh Amendment. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir.1987) ("A suit for damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes."). Love's official capacity claims are therefore dismissed.

became an inmate at the Milwaukee County Jail and Dulan undertook a series of actions to punish him. This conduct began on July 1, when Dulan cut off water and milk to Love until August 25, 2007. In the meantime, on July 31, Dulan put Love on "bag lunch" status, causing him to receive only two sandwiches per day. Dulan also took all of Love's clothing, except his pants, as well as Love's mattress and bedding, forcing him to sleep on concrete. The bag lunches and deprivation of his mattress continued through August 8th, and Love was deprived of the clothing until August 25, 2007. (Comp. 3, 4.) On July 25, Kordus deliberately slammed Love's thumb in a cell door trap slot to inflict injury, causing his thumb to swell and cause him pain. (Comp. 3.) On August 2, Kordus falsely accused Love of spitting on her, apparently because she knew Love was going to complain about the July 25 incident that injured his thumb. (Compl. 4, 6.) On August 29th, Samflippo and Kordus confiscated and deprived Love of a "John Doe" complaint Love intended to file against Kordus regarding the July 25 incident. (Compl. 5.) Love filed one inmate grievance on August 28, and two on August 29, regarding all of the above incidents.[3] (Compl. 6-10.) Love then filed this complaint under § 1983, alleging violations of the Fourth and Fourteenth Amendments. (Compl. 4.) He seeks monetary damages as relief.

Love states at least some cognizable claims. The Eighth Amendment provides a prisoner the right to be free of unnecessary and wanton inflictions of pain. *Wilson v. Seiter*, 501 U.S. 294, 298-303 (1991). Although claims of excessive force involving pretrial detainees arise under the Fourteenth Amendment rather than the Eighth Amendment, the Seventh Circuit has "found it

---

[3] It is unclear at this point whether Love appealed any administrative decisions based on his inmate grievances so as to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The court, therefore, will proceed to screen Love's complaint, but notes that a failure to comply with the requirements of § 1997e(a) as to a claim may ultimately result in its dismissal.

4

convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detaininees) and the Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Therefore, Love states a claim for violation of his Fourteenth Amendment constitutional rights by alleging that while Love was a pretrial detainee Gardison intentionally and unnecessarily inflicted pain on him by slamming Love's face to the floor while he was handcuffed. His claim that Kordus intentionally slammed a cell door trap slot on his thumb, thereby causing him injury and pain also states a claim under the Fourteenth Amendment. Although it may ultimately prove to be insufficient to fall within raise constitutional concerns, *see Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (stating not "every malevolent touch by a prison guard gives rise to a federal cause of action ...."), I am unable to say it does not at this stage.

Love also claims that he was denied meaningful access to the courts when he tried to file a complaint against Kordus regarding the above described incident with the cell door trap slot. Love claims that on August 29, 2007, Samflippo and Kordus confiscated and deprived him of the document. (Compl. 5.) This allegation also states a claim. It is well settled that prisoners have a constitutional right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977), and a prison official's destruction or loss of a prisoner's documents states a valid cause of action under § 1983 where the documents were crucial or essential to the prisoner's contemplated litigation. *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987). A complaint is necessary to initiate an action. It is reasonable to infer from the allegation that if Samflippo and Kordus confiscated his complaint that they violated his right of access. Accordingly, this claim will also proceed.

5

Love also claims that his rights were violated when Dulan restricted him to a "bag lunch" of two sandwiches per day, "cut-off" water and milk, forced him to sleep without a mattress or bedding on hard concrete for nine nights, and deprived him of his clothing. (Compl. 3, 4.) Prisons have an obligation to "'provid[e] nutritionally adequate food.'" *French v. Owens*, 777 F. 2d 1250, 1255 (7th Cir. 1985), cert. denied, 479 U.S. 817 (1986), and other basic needs. Taken in their totality, the conditions Love claims he was subjected to by Sergeant Dulan may arise to the level of a constitutional violation. *See Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006). I decline at this stage to rule they do not as a matter of law. This claim will also proceed.

Finally, Love also states a claim that his due process rights were violated when Kordus falsely accused Love of spitting on her after she learned he was about to file a complaint regarding the July 25th incident that injured his thumb. (Compl. 4, 6.) "An allegation of deprivation of due process rights states a claim under both procedural and substantive due process. Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (noting that the filing of a disciplinary charge against a prisoner, "although otherwise not actionable under section 1983, is actionable under section 1983 if done in retaliation for [the prisoner's] having filed a grievance pursuant to established procedures"). Love's complaint, when construed liberally, claims that Kordus filed charges against him without a factual basis, solely because Kordus learned Love intended to exercise his constitutional right to challenge her actions in court. This is sufficient to state a claim that Love's right to due process was violated. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("Indeed, a prisoner can sufficiently state a claim for relief when he alleges that

6

prison officials issued baseless disciplinary tickets against him in retaliation for *pursuit* of administrative grievances." (emphasis added) (citing *Black*, 22 F.3d at 1402-03)).

Thus, because Love has set forth cognizable constitutional claims, the case will proceed. Love may proceed on his claims that his constitutional rights were violated by the defendants acting in their individual capacities while he was housed at the Milwaukee County House of Corrections.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the jail administrator for the Milwaukee County Jail or his designee shall collect from the plaintiff's account the $350 filing fee by collecting monthly payments from the plaintiff's jail trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

7

**IT IS ALSO ORDERED** that copies of this order be sent to the administrator of the Milwaukee County Jail, as well as to the Milwaukee County Sheriff and the Milwaukee County Corporation Counsel. A copy shall also be sent to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __15th__ day of October, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge