UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERON LOVE,

        Plaintiff,

  v.                                      Case No. 07-C-816

DAVID GARDISON, MELETHA KORDUS,
SGT. DULAN, and DEPUTY SAMFLIPPO,

        Defendants.

**ORDER**

Plaintiff Deron Love has filed a motion to strike the affirmative responses raised by the defendants in their answer to his complaint, pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, his motion will be denied.

As an initial matter, I note that courts in this circuit continue to frown upon motions to strike. As the Seventh Circuit recently reiterated:

> Motions to strike words, sentences, or sections out of briefs serve no purpose except to aggravate the opponent-and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve. Motions to strike disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in judicial time.

*Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007). Whether motions to strike are directed to portions of briefs or other filings, they continue to be wasteful in all but a few cases.

Federal Rule of Civil Procedure 12(f) provides that upon a motion made by a party within 20 days after a pleading is served upon him, the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

> However, Rule 12(f) motions are not generally favored by the courts and are typically granted only if the challenged matter clearly has no bearing upon the subject matter of the litigation. In fact, a motion to strike a portion of a pleading is regarded as so drastic a remedy that one is seldom granted absent some showing of real prejudicial harm to the moving party. It is not a proper device for placing the actual merits of a party's pleadings in issue.

*Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984). Here, Love's motion disputes the merits of the affirmative defenses raised in the defendants' answer. As explained in *Armstrong*, this is not a basis on which the court will grant a motion to strike. Federal Rule of Civil Procedure 8(1)(A) requires that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(1)(A). The defendants' answer complies with this requirement.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to strike is **DENIED**.

Dated this   2nd   day of May, 2008.

　　　　　　　　　　　　　　　　　　　　s/ William C. Griesbach
　　　　　　　　　　　　　　　　　　　　William C. Griesbach
　　　　　　　　　　　　　　　　　　　　United States District Judge